

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 1:22-CR-00073 (AJT) |
| v. | ) Count 1: 18 U.S.C. §§ 1001(a)(2) and 2 <br> ) (Making a False Statement) |
| TYLER D. WHITNEY, | ) |
| Defendant. | ) |

## CRIMINAL INFORMATION

THE UNITED STATES CHARGES THAT:

## GENERAL ALLEGATIONS

At all times material to this Information:

1. The defendant, TYLER D. WHITNEY, was a resident of New York. WHITNEY served as the chief executive officer of AMAGI STRATEGIES, INC., a New York consulting corporation that WHITNEY formed on or about September 24, 2012. WHITNEY operated AMAGI STATEGIES from his then-residence in New York City. WHITNEY opened bank accounts for AMAGI STRATEGIES and was the sole authorized user of these bank accounts.

2. AMAGI IMPORTS, INC. was a New York corporation formed by WHITNEY on or about October 23, 2015. WHITNEY was the president of AMAGI IMPORTS, which he operated from his then-residence in New York City. WHITNEY opened bank accounts for AMAGI IMPORTS and was the sole authorized user of these bank accounts.

3. The Federal Election Commission ("FEC") was an agency of the United States Government responsible for regulating, among other things, political committees formed to support candidates for federal, elected office through fundraising and expenditures. Each

political committee (including political action committees ("PACs")) that seeks to influence a federal election is required to have a treasurer who is required to file periodic reports with the FEC of contributions to and expenditures by the committee, including the identity of all persons contributing over $200 in a calendar year.

4. Beginning in or about mid-2012, WHITNEY created and operated approximately seven PACs, which he registered and caused to be registered with the FEC. The seven PACs included PAC 1. The bank accounts for WHITNEY's PACs were maintained in the Eastern District of Virginia and elsewhere.

5. Persons A and B were attorneys who assisted WHITNEY in forming and registering WHITNEY's PACs, serving as PAC treasurers, and filing reports with the FEC on behalf of WHITNEY and the PACs from the Eastern District of Virginia and elsewhere. WHITNEY solicited and received legal and FEC compliance advice from Persons A and B regarding WHITNEY's operation of the PACs.

6. Beginning in or about mid-2012 and continuing until in or about 2018, WHITNEY generally operated each of his PACs in the following manner:

    a. WHITNEY created and managed a PAC-related website;

    b. WHITNEY purchased e-mail lists of potential contributors, focusing primarily on conservative voters;

    c. WHITNEY utilized vendors that provided blast e-mail services to send mass e-mails to potential contributors;

    d. WHITNEY used urgent language in the e-mail solicitations and implored potential donors to take immediate action by contributing funds to support or oppose a political candidate or cause;

e. WHITNEY represented to potential donors that contributions would be used to support or oppose a particular candidate or cause via "voter outreach" and "advertising";

f. WHITNEY spent a small portion of the donated funds to benefit the political candidates or causes the PACs represented they were going to support or oppose. He also transferred a large portion of the donated funds from the PACs to his consulting company, AMAGI STRATEGIES, or withdrew the money as cash;

g. WHITNEY used funds in the bank accounts for AMAGI STRATEGIES to either pay himself, pay for personal expenses, or pay for services (such as website management, e-mail list purchases or rentals, and blast e-mail services) to raise additional funds via e-mail solicitations;

h. WHITNEY filed and caused to be filed FEC reports that, among other things, were false as to amounts, dates, and descriptions of expenditures and disbursements by the PACs, including payments used to fund AMAGI IMPORTS. These reports were material to the FEC, meaning they had the natural tendency to influence the FEC in the performance of its official duties.

7. As an example, on or about July 20, 2016, WHITNEY transferred approximately $10,000 from PAC 1's bank account to AMAGI STRATEGIES. On or about the same day, WHITNEY transferred approximately $9,000 from AMAGI STRATEGIES to AMAGI IMPORTS and then, on the same day, transferred approximately $8,787.73 from AMAGI IMPORTS to an international shipping company. PAC 1 did not report this $10,000 payment on its FEC reports for 2016 and 2017. However, on or about January 26, 2018, WHITNEY caused Person B to file an amended FEC quarterly report for PAC 1 that falsely disclosed the $10,000 payment as "PAC Management Fees" on Schedule B – Itemized Disbursements (FEC Form 3X).

# COUNT 1
## Making a False Statement
## (18 U.S.C. §§ 1001(a)(2) and 2)

8. The allegations set forth in paragraphs 1-7 are realleged and incorporated by reference as though fully set forth herein.

9. On or about January 26, 2018, the defendant, TYLER D. WHITNEY, knowingly and willfully caused the submission of a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States; that is, the defendant caused PAC 1's treasurer, Person B, to file an amended quarterly report with the FEC that stated the $10,000 payment to AMAGI STRATEGIES on July 20, 2016, was for "PAC Management Fees" when, in fact and as WHITNEY well knew, the payment from PAC 1 was to fund his other business, AMAGI IMPORTS.

(In violation of 18 U.S.C. §§ 1001(a)(2) and 2)

Jessica D. Aber
United States Attorney

Corey R. Amundson
Chief, Public Integrity Section

By: *[signature]*

Edward P. Sullivan
Special Assistant United States Attorney (LT)
Senior Litigation Counsel, Public Integrity Section
Kimberly R. Pedersen
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, VA 22314
Tel: (703) 299-3700
Fax: (703) 299-3981
Edward.P.Sullivan@usdoj.gov
Kimberly.R.Pedersen@usdoj.gov